**Jay BURGESS, a Michigan
resident, Plaintiff,**

v.

**GRUPO ANTOLIN INGENIERIA, S.A.,
a Spanish corporation, Defendant.**

No. 04–71644.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 17, 2005.

Andrew Kochanowski, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, MI, for Plaintiff.

Christopher G. Darrow, Young & Basile, Troy, MI, for Defendant.

### MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

COHN, District Judge.

## I. Introduction

This is an intellectual property case under state law invoking the Court's diversity of citizenship jurisdiction. Plaintiff Jay Burgess (Burgess) is suing Defendant Grupo Antolin Ingenieria, S.A. (Grupo SA), a Spanish corporation, for (1) unjust enrichment, (2) misappropriation of trade secrets, (3) fraud, (4) unfair competition, and (5) equitable assignment.

Before the Court is Defendant's Motion to Dismiss on the grounds that Burgess failed to join a party under FED.R.CIV.P. 19. For the reasons that follow, the motion is DENIED.

## II. Background[1]

### A. Factual Background

Grupo Antolin Irausa, S.A. (Grupo Irausa), is a Spanish corporation with two wholly owned subsidiaries relevant to this case: (1) Defendant Grupo SA and (2) Grupo Antolin North America (Grupo NA), which is located in Troy, Michigan:

```
            Grupo Antolin Irausa, S.A.
               (Parent Corporation)
                  |            |
    Grupo Antolin            Grupo Antolin
    Ingenieria, S.A.         North America
     (Subsidiary)            (Subsidiary)
```

Grupo Irausa provides automotive parts for automotive suppliers worldwide. In addition to Grupo SA and Grupo NA, Grupo Irausa owns subsidiaries in other locations around the world. Grupo NA provides engineering services; it does not manufacture any automotive parts. Grupo NA pays its employees' salaries with money from company headquarters in Spain (Grupo Irausa).

Burgess began working for Grupo NA in July 2000. Prior to his employment at Grupo NA, however, Burgess conceived of ideas relating to a new way to manufacture automotive sun visors. Specifically, Burgess says that he designed a new snap assembly and a new slidable mirror assembly for use with automotive sun visors. When Grupo NA hired him in July 2000, Burgess disclosed his invention to Grupo NA. While at Grupo NA, Burgess was assigned the task of developing new automotive visor business for Grupo SA, including setting up a manufacturing plant in Silao, Mexico, to make sun visors embodying his invention. In 2002, Burgess' invention was incorporated into a sun visor design that was sold to General Motors and Isuzu. Burgess says in the complaint that he seeks unjust enrichment damages relating to a purchase order issued by General Motors for the sun visors placed in the Chevrolet Malibu. The purchase order issued for that sun visor was issued to another subsidiary of Grupo Irausa: Grupo Antolin Silao, S.A., the plant

---

1. The background is gleaned from the parties'     papers.

in Mexico that manufactures the sun visors at issue.[2]

In May 2002, Grupo NA provided the name of a patent attorney to help Burgess protect his inventions. Burgess says that in September 2002 he was given patent applications prepared by the patent attorney that listed Burgess as the sole inventor of the sun visor technology. Burgess also says that he was given agreements assigning his rights in the technology to Grupo SA. Burgess refused to sign the assignment agreements, and Grupo NA terminated his employment.

In total, four patents were issued based on Burgess' invention. U.S. Patent No. 6,692,059 (the '059 Patent) was issued by the U.S. Patent and Trademark Office (USPTO) on February 17, 2004. Burgess says that the '059 Patent results from an application filed with the USPTO on October 2, 2002 that listed Burgess as the sole inventor. The '059 Patent as issued, however, lists Donald Mills as the sole inventor and Grupo SA as the assignee. U.S. Patent Nos. 6,698,814 (the '814 Patent) and 6,698,815 (the '815 Patent) were issued by the USPTO on March 2, 2004. Again, Burgess says that these patents resulted from applications the patent attorney presented Burgess that listed Burgess as the sole inventor. The '814 Patent as issued, however, lists Donald Mills and Burgess as the inventors and Grupo SA as the assignee. The '815 Patent lists Donald Mills, Benjamin Defontaine, and Burgess as the inventors and Grupo SA as the assignee. A fourth patent, U.S. Patent No. 6,840,561 B2 (the '561 Patent), was issued by the USPTO on January 11, 2005. The '561 Patent lists Donald Mills and Burgess as the inventors and Grupo SA as the assignee.

Burgess says that he never gave Grupo SA the right to any interest in any invention he made prior to joining Grupo NA. Grupo SA says that Burgess and Grupo NA on July 14, 2000, executed an agreement titled "Confidentiality and Shopright Agreement", which purports to, *inter alia,* make all inventions conceived by Burgess while employed by Grupo NA the property of Grupo NA. By virtue of a corporate policy, any patents that arose out of work performed at Grupo NA were assigned to Grupo SA.

### B. Procedural Background

Burgess filed this action on April 30, 2004. Grupo SA on October 28, 2004, filed the instant motion under FED.R.CIV.P. 12(b)(1) and (7) on the grounds that Grupo NA is an indispensable party which cannot be added without destroying subject-matter jurisdiction.

On January 6, 2005, the Court granted Grupo SA's expedited motion for leave to take the deposition of Burgess on subjects related to jurisdiction. On January 21, 2005, the Court granted Burgess' emergency motion for leave to take the deposition of an agent of Grupo SA on subjects relating to jurisdiction. The parties represented to the Court that the purpose of their motions was to provide the Court with a complete record regarding Grupo SA's jurisdictional challenge. Both parties filed supplemental papers following the taking of the depositions the Court allowed in its Orders. The instant motion is now ripe for decision.

### III. Discussion

### A. Legal Standard

■ FED.R.CIV.P. 19 sets forth the procedure for determining whether a person must be joined as a party to a lawsuit even if the plaintiff did not name the person as a defendant. "[A] person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will *dismiss the pending case* rather than proceed in the case without the absentee.'" *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 666 (2004) (quoting 4 Moore's Federal Practice § 19.02[3][c], at 19–22) (emphasis in original).

### B. Analysis

### 1. Grupo NA is not a Necessary Party

■ Rule 19(a) sets forth a disjunctive test for determining if a party is a necessary party. *Hooper v. Wolfe,* 396 F.3d 744, 745–48 (6th Cir.2005). Under this analysis, Gru-

---

**2.** Burgess says in his supplemental brief that he may seek to add Grupo Antolin Silao as a party.

po NA will be deemed a necessary party if either (1) complete relief in the dispute between Burgess and Grupo SA cannot be obtained without Grupo NA, (2) disposition of the case without Grupo NA will impair or impede Grupo NA's ability to protect its interest, or (3) Grupo SA will be subject to multiple or inconsistent obligations if Grupo NA is not a party. *Id.*

■ Grupo SA says that Grupo NA is a necessary party because all of the wrongs Burgess alleges in the complaint were committed by Grupo NA (*e.g.,* Grupo NA hiring Burgess, Grupo NA suggesting that Burgess work with a patent attorney, Grupo NA demanding that Burgess assign it his inventions, and Grupo NA terminating Burgess' employment) and because the confidentiality and shopright agreement Burgess signed was between Burgess and Grupo NA. Grupo SA says that because of these allegations, complete relief cannot be obtained without Grupo NA as a party. Grupo SA further asserts that Grupo NA's ownership interest in the disputed patents would be impaired if this case continued without Grupo NA as a party and that Grupo SA would be subject to liability for actions it did not commit if Grupo NA is not joined. In its supplemental papers, Grupo SA asserts that Burgess' deposition testimony reveals that nobody at Grupo SA requested Burgess to sign the invention assignment documents, that nobody at Grupo SA pressured him to assign his inventions, and that Burgess never has had any interaction with anyone at Grupo SA.

Grupo SA's arguments are belied by highly probative evidence in the record establishing that Grupo NA is not a necessary party. Indeed, the evidence suggests that complete relief can be accorded without Grupo NA's joinder, that the absence of Grupo NA will not impair or impeded any of its interests, and that Grupo SA will not be subject to multiple or inconsistent obligations without the presence of Grupo NA in this action.

First, with respect to the four assignment agreements Burgess was asked to sign, each one of the agreements provides that the assignment was to be made to Grupo SA, as illustrated in the following contractual language:

WHEREAS, Grupo Antolin Ingenieria, S.A., a Spanish corporation, having its principal place of business at Ctra. Madrid—Irun, km 244,8, E–09007 Burgos, Spain, desires to acquire the entire right, title and interest in and to said invention.

Nowhere in any of the assignment agreements is Grupo NA mentioned. Significantly, Jesus Tome, a Grupo NA employee who testified under a Rule 30(b)(6) deposition notice, testified that any patents that arose out of work performed at Grupo NA were assigned to Grupo SA by virtue of a corporate policy.

Second, all of the patents at issue (the '059 Patent, the '814 Patent, the '815 Patent, and the '561 Patent) list "Grupo Antolin Ingenieria, S.A., Burgos (ES)" under the category "Assignee." Nowhere in any of the patents is there mention of Grupo NA or how Grupo NA is entitled to any ownership interest in the patents.

Third, declarations made to the USPTO by in connection with the issuance of the patents at issue state as follows:

I, Jesus Tome, do hereby declare that:

1. I am the Vice President of Engineering of **Grupo Antolin North America, a Spanish corporation having its principal place business at Ctra. Madrid—Irun, km 244,8, E–09007 Burgos, Spain.** I perform my duties at the corporations' office at 1402 Rankin Street, Troy, MI 48083.

. . .

I, Troy Curran, do hereby declare that:

1. I am the Human Resources Manager for the Visor Group, of **Grupo Antolin North America, a Spanish corporation having its principal place business at Ctra. Madrid—Irun, km 244,8, E–09007 Burgos, Spain.** I perform my duties at the corporation's office at 1402 Rankin Street, Troy, MI 48083.

*See* Pl.Ex. B (emphasis added).

I, Don Mills, do hereby declare that:

1. I am the Engineering Manager for the Visor Group, of **Grupo Antolin North America, a Spanish corporation having its principal place business at Ctra. Ma-**

drid—Irun, km 244,8, E–09007 **Burgos, Spain.** I perform my duties at the corporation's office at 1402 Rankin Street, Troy, MI 48083.

*See* Pl.Ex. C (emphasis added).[3]

Fourth, one of Burgess' first assignments upon joining Grupo NA was to develop new automotive visor business for Grupo SA in Mexico.

### 2. Joinder of Grupo NA is not Feasible

Although the Court concludes that Grupo NA is not a necessary party, in the interests of completeness the Court will consider the remaining Rule 19 analysis.

■ Under Rule 19(a), the Court must consider whether joinder of Grupo NA is feasible. Joinder is not feasible if it would divest the Court of subject matter jurisdiction. FED.R.CIV.P. 19(a). Indeed, the parties concede that joinder is not feasible here because joinder of Grupo NA would destroy diversity of citizenship jurisdiction, the only basis for the Court's subject matter jurisdiction in this case.

### 3. Grupo NA is not an Indispensable Party

■ Even if Grupo NA were a necessary party, it would not be proper to deem Grupo NA an indispensable party under Rule 19(b). The Court must balance four factors under Rule 19(b) to determine if a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to either that person or those already parties, (2) the extent to which such prejudice could be lessened or avoided through protective provisions in the judgment or other measures, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. FED.R.CIV.P. 19(b).

Application of the Rule 19(b) factors to this case militates against finding Grupo NA an indispensable party. First, Grupo NA will not be prejudiced by a judgment rendered in its absence. When analyzing this Rule 19(b) factor, the Court must consider whether the interests of an absent party are adequately represented by those already a party to the litigation. *Glancy,* 373 F.3d at 672. Here, Grupo SA, a co-subsidiary of Grupo Irausa along with Grupo NA, will adequately represent Grupo NA's interests because the evidence referenced above with respect to the Court's analysis of whether Grupo NA is a necessary party suggests that, despite Grupo SA's argument to the contrary, Grupo NA has no ownership interest in the patents at issue.

With respect to the second Rule 19(b) factor, Grupo SA says that "[a]ny judgment in Plaintiff's favor (i.e., granting Plaintiff an order of ownership of the patents) would divest [Grupo NA] of its ownership interest and would force [Grupo NA] from manufacturing sun visors embodying the patented inventions." This argument is not well taken. All of the patents at issue list Grupo SA as the assignee. Nothing in the record suggests that Grupo NA owns the patents or has any ownership interest separate and distinct from its parent corporation.

Grupo SA asserts the same arguments relating to Grupo NA's purported ownership interest in the patents for the third Rule 19(b) factor. Grupo SA claims that a judgment rendered in Grupo NA's absence will force Grupo NA to file another lawsuit to obtain rights to the patents. This argument is likewise of no moment because the record establishes that Grupo SA is the assignee of the patents.

Finally, Grupo SA says that Burgess would have an adequate remedy if the Court dismisses this case because Burgess could refile the case in state court. While this statement is true, it does not tip the scale in favor of finding Grupo NA to be an indispensable party.

### 4. Grupo NA's Lawsuit in State Court Against Burgess

Also instructive to the analysis of the instant motion is the fact that Grupo NA on

---

**3.** Although the USPTO documents state that Grupo NA has its principal place of business in Spain, Tome testified that the statements contained in the USPTO declarations were incorrect and that Grupo NA is not a Spanish corporation with its principal place of business in Spain.

January 31, 2005, filed a lawsuit in Oakland County, Michigan Circuit Court against Burgess for (1) breach of contract and (2) constructive trust and assignment. In the complaint for that lawsuit, Grupo NA says that Burgess breached his contract with Grupo NA by refusing to sign the assignment agreements for the patents at issue. Grupo NA seeks to, *inter alia,* be declared the owner of all four patents at issue and to order Burgess to assign his inventor interests in the patents to Grupo NA or its designee.

Burgess says that he has not yet been served with a copy of the summons and complaint for Grupo NA's lawsuit. He says that after he is served he will remove the case to this Court as a companion to this case. As Grupo NA's suit implicates patent ownership issues, Burgess says that removing it to this Court will implicate the Court's federal question jurisdiction under 28 U.S.C. § 1338(a) and thus render Grupo SA's motion to dismiss moot because the Court will have federal question jurisdiction over this case rather than just diversity of citizenship jurisdiction.

### IV. Conclusion

For the foregoing reasons, Grupo NA is not a necessary party, let alone an indispensable party, under FED.R.CIV.P. 19. Burgess can obtain complete relief from Grupo SA.

SO ORDERED.