*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JOHN N. HOOPER,

   *Plaintiff-Appellant,*

  *v.*

No. 03-5853

DAVID S. WOLFE; HAROLD E. SMITH; DAVE W.
DOGAN; STEPHEN SMITH; PUBLIC PROPERTIES
MANAGEMENT, INC.; PPM I PARTNERSHIP; PPM IV
PARTNERSHIP LP; PPM VIII PARTNERSHIP LP,

   *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 00-02863—Jon Phipps McCalla, District Judge.

Argued: December 6, 2004

Decided and Filed: January 24, 2005

Before: GIBBONS and ROGERS, Circuit Judges; BUNNING, District Judge.[*]

---

## COUNSEL

**ARGUED:** Richard J. Pober, Westport, Connecticut, for Appellant. Robert E. Craddock, Jr., WYATT, TARRANT & COMBS, Memphis, Tennessee, for Appellees. **ON BRIEF:** Richard J. Pober, Westport, Connecticut, for Appellant. Robert E. Craddock, Jr., WYATT, TARRANT & COMBS, Memphis, Tennessee, for Appellees.

---

## OPINION

---

  ROGERS, Circuit Judge. John Hooper appeals the dismissal of his diversity action against his longtime real estate partner, David Wolfe, and various individuals and entities affiliated with Mr. Wolfe, for failure to join an entity known as PPM III Partnership, LP. Mr. Hooper argues that because PPM III was not a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure, the district court erred in dismissing the complaint. Balancing the four factors to be considered in determining whether PPM III is an indispensable party under Rule 19(b), we

---

[*] The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

reverse the district court's dismissal of Mr. Hooper's action for failure to join PPM III. Because the district court did not consider whether all of PPM III's constituent partners could be brought before the court, we remand the case with instructions to consider the feasibility of joining all of PPM III's remaining partners as defendants.

I.

John Hooper and David Wolfe had worked together in real estate since 1986. Mr. Hooper analyzed the value of commercial real estate and determined whether a given property should be purchased, while Mr. Wolfe arranged the financing for the projects. Mr. Wolfe is the sole shareholder of Public Properties Management, Inc. (PPM, Inc.), a Tennessee corporation. PPM, Inc. became the general partner of a number of Tennessee limited partnerships sharing similar names (PPM I Partnership LP, PPM III Partnership LP, PPM IV Partnership LP, PPM V Partnership LP and PPM VIII Partnership LP) associated with Mr. Wolfe's real estate dealings. Mr. Wolfe and PPM, Inc. employed Harold Smith, Dave Dogan, and Stephen Smith to assist Mr. Wolfe in his real estate dealings.

This dispute relates to dealings between Mr. Hooper and Mr. Wolfe over the purchase of property in Pico Rivera, California, in the mid-1990's. Mr. Hooper alleges that Mr. Wolfe agreed to obtain financing to purchase the Pico Rivera property if Mr. Hooper determined it should be purchased, and that the profits from the transaction would be split between the two men. Costs for obtaining the financing would be borne by Mr. Wolfe, while the costs of conducting the due diligence required to analyze the property would be borne by Mr. Hooper. However, this agreement was never implemented. Mr. Hooper completed the due diligence work with the assistance of Messrs. Kenneth and Michael Jones (the Joneses) and recommended that the property be purchased, but discovered that Mr. Wolfe had purchased the Pico Rivera property for himself through PPM III. Mr. Wolfe, it turns out, created PPM, Inc., which was made a general partner to PPM III, with Mr. Wolfe as the sole limited partner of PPM III. An associate of Mr. Wolfe, Dr. Lauren Reager, financed the transaction.

Upon discovering that Mr. Wolfe had purchased the Pico Rivera property for himself, Mr. Hooper sought his agreed-upon fifty percent interest in the property. Mr. Wolfe refused and stated that unless Mr. Hooper and the Joneses split a forty percent interest, he would have Dr. Reager foreclose on the loan to PPM III, leaving Mr. Hooper and his associates with nothing. Mr. Hooper agreed to a less than fifty percent interest in PPM III, ostensibly to protect his interests, and filed suit. Thus, prior to Mr. Hooper's lawsuit, PPM III had title to the Pico Rivera property, with PPM, Inc. as the general partner and Messrs. Wolfe, Hooper, Jones and Jones as limited partners. The partnership agreement gave PPM, Inc., as general partner, exclusive and absolute authority to act on behalf of the partnership.

The equally confused procedural history of this case begins in the District of Connecticut, where Mr. Hooper sued Mr. Wolfe to enforce the original fifty-fifty understanding and alleged that Mr. Wolfe and his associates, Messrs. Smith, Dogan and Smith, diverted funds from PPM III to several other PPM entities, violating fiduciary duties owed to PPM III and Mr. Hooper. After the case was transferred to the Western District of Tennessee, Mr. Hooper filed a second amended complaint, adding PPM III and the Joneses as defendants. The Joneses were voluntarily dismissed without prejudice on March 23, 2001, shortly after the second amended complaint was filed. While the federal litigation was pending, Mr. Hooper filed a derivative action in Tennessee state court

seeking on behalf of PPM III to recover funds allegedly diverted by Mr. Wolfe and his associates to other entities and to impose a constructive trust on PPM III's assets.[1]

In 2001, PPM III sought approval from the court to sell the Pico Rivera property. PPM III also suggested an absence of subject matter jurisdiction because plaintiff Hooper, a Connecticut citizen, was also a limited partner of defendant PPM III, and a partnership shares the citizenship of its partners for diversity jurisdiction purposes. Mr. Hooper thereafter voluntarily dismissed PPM III without prejudice on January 28, 2002. After trips between the dockets of several district court and magistrate judges, in late 2002 the case wound up with U.S. District Judge Jon P. McCalla and Magistrate Judge James H. Allen of the Western District of Tennessee. Judge McCalla ordered the Pico Rivera property sold to a third party on December 12, 2002, leaving PPM III with $ 1.7 million in net proceeds from the sale, which were to remain in escrow while the litigation proceeded. In the spring of 2003, Mr. Hooper sought to amend his complaint, as many of the issues in the case were mooted by the sale of the property and the only remaining asset of PPM III was the $1.7 million held in the escrow account of Mr. Wolfe's attorney. The proposed third amended complaint included essentially the same claims as the second amended complaint and omitted PPM III as a defendant to clear up any questions regarding jurisdiction.

The district court never ruled on Mr. Hooper's motion to amend his complaint. Rather, the magistrate filed a report and recommendation that the second amended complaint be dismissed for lack of subject matter jurisdiction. The report and recommendation based this conclusion on a finding that, under Federal Rule of Civil Procedure 19, PPM III was a necessary party which could not be joined without destroying diversity, and which was indispensable to the litigation, thus requiring dismissal of the action. Specifically, the magistrate found that the following factors all pointed to the dismissal of the Mr. Hooper's action: (1) the absence of PPM III and the Joneses from the proceedings; (2) the inability to fashion relief to protect PPM III; (3) the inability to resolve any interest that PPM III has in the dispute; and (4) the availability of state court to settle the dispute. The district court, adopting the magistrate's report and recommendation, held that PPM III was a necessary and indispensable party and entered a final judgment dismissing the case on June 17, 2003, but stayed enforcement of the judgment pending the outcome of this appeal.

II.

There are essentially three steps to determine whether dismissal is proper under Rule 19(b). Although the first two steps are met here, the third is not and dismissal was therefore improper. "[A] person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (quoting 4 Moore's Federal Practice § 19.02[3][c], at 19-22). First, PPM III is a necessary party. Second, PPM III cannot be joined without destroying diversity. Third, however, Mr. Hooper's suit can proceed despite the absence of PPM III, and the case need not be dismissed because PPM III is indispensable. *Glancy*, 373 F.3d at 666.

A.      PPM III is a necessary party under Rule 19(a)

First, the district court did not abuse its discretion in determining PPM III was a necessary party under Rule 19(a). A district court's finding that a party is necessary under Rule 19(a) is reviewed for abuse of discretion. *Id.* at 666. While the district court did not analyze in detail the question of whether PPM III is a necessary party under Rule 19(a), and it is possible to come to a

---

[1] Counsel for Mr. Hooper asserted at oral argument that the purpose of the suit was to file a notice of *lis pendens* against the Pico Rivera property, presumably to prevent its sale.

different conclusion if this court were reviewing the case de novo,[2] it cannot be said that the district court abused its discretion in determining that PPM III was a necessary party. Under Federal Rule of Civil Procedure 19(a), a person is necessary, and where feasible should be joined, if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). Rule 19(a) is disjunctive; thus PPM III is a necessary party if either: (1) complete relief in the dispute between the Wolfe defendants and Mr. Hooper cannot be obtained without PPM III; (2) disposition of the case without PPM III will impair or impede PPM III's ability to protect its interests; or (3) the Wolfe defendants will be subject to multiple or inconsistent obligations if PPM III is not a party.

PPM III is a necessary party because PPM III has an interest in recouping assets diverted by the general partner to other entities, and this interest is distinct from Mr. Hooper's interest in enlarging the pool of assets that he may claim a portion of. *Cf. HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996) (partnership had interest, separate from that of general partner, in enforcing obligation of limited partner to provide capital). Further, PPM III has an interest in protecting its assets from receivership or an equitable lien in favor of Mr. Hooper, distinct from the Wolfe defendants, as a decision favorable to Mr. Hooper in PPM III's absence would impair its ability to protect those assets. Therefore, the district court did not abuse its discretion in determining that PPM III was a necessary party under Rule 19(a).

    B.    Joinder of PPM III is not feasible

Second, PPM III cannot feasibly be joined because PPM III shares the Connecticut citizenship of its limited partner, plaintiff Hooper, and joinder of PPM III would therefore deprive the district court of subject matter jurisdiction in this diversity action. For purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 459 (6th Cir. 1989). Thus, joinder is not feasible because PPM III and its limited partner, plaintiff Hooper, are both citizens of Connecticut.

    C.    PPM III is not an indispensable party under Rule 19(b)

Third, however, the district court erred in concluding that PPM III's absence from the litigation required dismissal of Mr. Hooper's action.[3] PPM III is not indispensable because PPM III is adequately represented by the Wolfe defendants, relief may be shaped to avoid the prejudice (if any) resulting from PPM III's absence, and it is unclear whether Mr. Hooper has an adequate alternative remedy. The decisions of three other circuits support the conclusion that a limited partnership entity is not an indispensable party in a dispute between its partners, based on the

---

[2]The magistrate simply stated that PPM III was a necessary party because Mr. Hooper had sought various forms of relief, including an accounting of PPM III's assets, appointment of a receiver, and the imposition of a constructive trust and equitable lien on PPM III's assets.

[3]A determination that a party is indispensable under Rule 19(b) is reviewed de novo. *Glancy*, 373 F.3d at 665-66.

commonsense notion that so long as the constituent partners are before the court, the partnership is not an indispensable party. *See HB Gen. Corp.*, 95 F.3d at 1198-99 (so long as all partners before the court, limited partnership not an indispensable party); *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 303-04 (4th Cir. 1992) (same); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 90-91 (2d Cir. 1990) (same).[4]

Under Federal Rule of Civil Procedure 19(b), PPM III is not indispensable and the action need not be dismissed without PPM III because, after balancing the following four factors, the court can proceed "in equity and good conscience" without PPM III. FED. R. CIV. P. 19(b); *Provident Tradesmens Bank,* 390 U.S. at 109-10. A court must balance: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to either that person or those already parties; (2) the extent to which such prejudice could be lessened or avoided though protective provisions in the judgment or other measures; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. FED. R. CIV. P. 19(b). The Rule 19(b) inquiry is guided by pragmatic considerations, rather than technical or formalistic legal distinctions. *See HB Gen. Corp.*, 95 F.3d at 1191; FED. R. CIV. P. 19 Advisory Committee Notes to the 1966 Amendment.

Application of each of the factors counsels against finding PPM III to be an indispensable party. First, PPM III will not be significantly prejudiced by a judgment rendered in its absence. It is true that the magistrate's report and recommendation noted that a decision favorable to Mr. Hooper would have "major implications for PPM III," but this does not take into account whether PPM III's interests were adequately represented by those already parties. When assessing prejudice, the court must consider whether the interests of an absent party are adequately represented by those already a party to the litigation. *Glancy*, 373 F.3d at 672. Here, PPM III's general partner, PPM, Inc., and PPM, Inc.'s sole shareholder, Mr. Wolfe, are before the court as defendants. Only the general partner may act on behalf of PPM III, and the Wolfe defendants make no argument that the interests of PPM III are sufficiently distinct from those of PPM, Inc. and Mr. Wolfe, such that PPM III will not be adequately represented in the litigation. As the Third Circuit stated:

> Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interests of the human beings that are its members (albeit through the medium of other partnerships and corporations). ... [F]ollowing Rule 19's pragmatic approach, we are guided by common sense. A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners.

*HB Gen. Corp.*, 95 F.3d at 1193. While PPM, Inc. and Mr. Wolfe may have some interest distinct from that of PPM III, it does not appear that their interests are antagonistic to PPM III and there is no reason to believe that the general partner of PPM III will not adequately represent the interests

---

[4] In this diversity case, the question of whether a party is necessary or indispensable is a question of federal law. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 124 n. 22 (1968) (determination of whether a party is necessary or indispensable is a question of federal law, but determined by reference to interests of the parties under state law). State law provides guidance in determining whether the parties have an interest in the litigation, as defined by Rule 19, but state law is not determinative of the question of whether a party is necessary or indispensable for purposes of Rule 19. *Id.*; *see also HB Gen. Corp.*, 95 F.3d at 1195.

of the partnership as an entity.[5]  Further, unlike the troublesome conclusion that a human being could be excluded from litigation because another party adequately represents his or her interests, PPM III is not a human being and its interests can only be known through the medium of the general partner, PPM Inc., and its human master Mr. Wolfe, who are both before the court. *See id.* at 1193 n. 3. Therefore, the ability of PPM, Inc. and Mr. Wolfe to represent PPM III adequately  militates against finding PPM III to be an indispensable party.

Moreover, the possibility of prejudice to the Joneses, limited partners of PPM III voluntarily dismissed by Mr. Hooper, from the absence of PPM III does not require a determination that PPM III is an indispensable party.  While we do not decide the question, it appears that the Joneses are necessary parties that can be joined as defendants to this litigation without destroying complete diversity. The concern that the Joneses, in the magistrate's words, "might helplessly be standing by while their investments disappear," does not take into account whether that prejudice could be avoided by joining the Joneses rather than dismissing Mr. Hooper's complaint.

With regard to the second Rule 19(b) factor, any prejudice to PPM III or the Wolfe defendants can be lessened or avoided through protective provisions in a judgment rendered in Mr. Hooper's favor.  PPM III is not indispensable merely because the district court finds it impossible to fashion relief that would have "no effect" on PPM III.  The question, rather, is whether relief can be fashioned to lessen or avoid prejudice to the Wolfe defendants or PPM III.  Here, the general partner, PPM, Inc., the only party authorized to act on behalf of the partnership; its human master, Mr. Wolfe; and the antagonistic limited partner, Mr. Hooper, are before the court and may be bound by a judgment. "[T]he Partnership, like a marionette, cannot make a move unless some human being pulls the strings." *HB Gen. Corp.*, 95 F.3d at 1191.  The district court correctly identified the real dispute in this litigation as between Mr. Wolfe and Mr. Hooper and if all of the partners involved in the dispute over the Pico Rivera property were before the court, an adequate judgment could be had.  The only arguments put forward by the Wolfe defendants to show that a judgment would be inadequate relate to the absence of the Joneses, whose joinder the district court did not consider, and the inability of the court to enjoin the actions of a non-party, namely PPM III.  However, PPM III is merely a marionette.  PPM, Inc. is before the court and controls PPM III; thus, an injunction against PPM, Inc. could effectively provide the relief Mr. Hooper seeks.

Third, with respect to the adequacy of any judgment in favor of the Wolfe defendants, there is no merit to the defendants' argument that PPM, Inc. will suffer prejudice because many of Mr. Hooper's claims could later be brought in a derivative action, leaving PPM, Inc. subject to continued litigation.  While some of Mr. Hooper's claims can be characterized as derivative, the district court can lessen any prejudice to PPM, Inc. by shaping relief, to the extent possible, to prevent Mr. Hooper from re-litigating claims brought in this suit in a later derivative action. *See HB Gen. Corp.*, 95 F.3d at 1195-96 (discussing limited significance of characterizing claims as derivative in context of litigation between partners).

Fourth, it is not at all clear that Mr. Hooper will have an adequate remedy if the action is dismissed.  The district court concluded that because a derivative action against PPM, Inc. had been filed in Tennessee state court, an adequate alternate forum existed to litigate Mr. Hooper's dispute.  While the presence of an alternate forum would militate in favor of dismissing the action, it is unclear whether the Tennessee case that was filed in 2000 is still viable.  It is also unclear whether the Tennessee court would allow the complaint to be amended to include direct claims against Mr. Wolfe.  Further, the dispute now centers on $1.7 million held in escrow by Mr. Wolfe's attorney, which may be dissipated if the federal case is dismissed.  The legitimate questions regarding the

---

[5]Similarly, the First Circuit has held that a subsidiary was not an indispensable party under Rule 19(b) because the parent company could adequately represent the subsidiary in a suit against the parent company implicating the subsidiary. *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132, 135-36 (1st Cir. 1989) (Breyer, J.).

adequacy of Mr. Hooper's alternate remedy in state court point to a finding that the existence of the state court litigation does not outweigh the other factors under Rule 19(b). In short, the four Rule 19(b) factors do not support the dismissal of Mr. Hooper's case for failure to join an indispensable party.

We do not, however, hold that this case must proceed. Indeed it appears that without the Joneses this case can be dismissed under Rule 19, although as noted above we do not prescribe the status of the Joneses in this litigation. However, reversal is required by the failure of the district court to address the possibility of joining the Joneses before considering the dismissal of the case for failure to join PPM III. In litigation between the partners of a small limited partnership, the district court must consider whether all the remaining constituent partners can be joined before dismissing the case for failure to join the partnership as a necessary and indispensable party.

We therefore REVERSE the district court's decision to dismiss Mr. Hooper's action for failure to join an indispensable party, and REMAND the case with instructions to consider the feasibility of joining as defendants all of the remaining limited partners of PPM III.