**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0641n.06
Filed: August 24, 2006

**No. 05-1900**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO., INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK ONE-DEARBORN, N.A., | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Defendant-Appellee, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL RESERVE BANK OF CHICAGO, | ) | |
| | ) | |
| Third-Party Defendant-Appellee. | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; SCHWARZER, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** American Express Travel Related Services

Company ("Amex") and Bank One-Dearborn, N.A. ("Bank One") appeal from the district court's

order granting the Federal Reserve Bank of Chicago's ("FRBC") motion to dismiss for failure to join

an indispensable party under Federal Rule of Civil Procedure 19. As we find that the absent party,

_____

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1

Plus International Bank ("Plus"), is not a party "to be joined if feasible," we reverse the decision of the district court.

## I.

Over three years ago, Amex drew a check against funds held on deposit in its account at Bank One in Michigan. The check was payable to TI Paperco, Inc. in the amount of $455,416.69 and was initially deposited in a bank in Panama, allegedly bearing a forged endorsement. The check was then forwarded to Plus (in Florida) for collection. Plus sent the check to the Miami branch of the Federal Reserve Bank of Atlanta ("FRBA"), and FRBA transferred the check to the Detroit branch of Federal Reserve Bank of Chicago ("FRBC"). FRBC then presented the check to Bank One. Bank One paid FRBC the amount of the check, debiting the funds from Amex's account with Bank One.

Amex later advised Bank One of the questionable endorsement, but Bank One refused to refund any of the funds to Amex's account. Amex then filed a complaint against Bank One, alleging that the fraudulent endorsement on the check resulted in Bank One's improperly charging Amex's account in violation of Michigan law. Bank One answered the complaint, denying most of the allegations and asserting various affirmative defenses. Bank One also filed a third-party complaint against FRBC in accordance with Fed. R. Civ. P. 14(a), alleging that when FRBC presented the check to Bank One for collection, FRBC "warranted to Bank One that there were no unauthorized or missing endorsements on that check," and that in the event it is held that the endorsement on the check is unauthorized, FRBC will have breached its warranty of presentment. *See* 12 C.F.R. § 210.6(b)(1)(iii).

FRBC, however, indicated that it did not intend to defend the suit because under 12 C.F.R. § 210.5, if FRBC is found liable to Bank One for breaching its warranty, it can recover the amount

of the judgment from FRBA. *See* 12 C.F.R. § 210.5(c) ("If an action or proceeding is brought against (or if defense is tendered to) a Reserve Bank that has handled an item, based on . . . (3) Any warranty or indemnity made by the Reserve Bank . . ., the Reserve Bank may, upon entry of a final judgment or decree, recover from the sender the amount of attorneys' fees and other expenses of litigation incurred, as well as any amount the Reserve Bank is required to pay because of the judgment or decree or the tender of defense, together with interest thereon."). FRBA has the same defense, meaning that it can recover any amount it is required to pay from Plus. *Id.* As a result, Plus agreed to defend the matter on behalf of FRBC.

FRBC (being represented by Plus) filed a motion for dismissal/transfer on the basis of forum non conveniens, improper venue, and failure to join Plus as an indispensable party pursuant to Fed. R. Civ. P. 19. The district court, without the benefit of a hearing, granted the motion to dismiss for failure to join an indispensable party and dismissed the case without prejudice. After Bank One's motion for reconsideration was denied, Bank One and Amex filed notices of appeal.

II.

Rule 19 lays out a three-step test for courts to use in determining whether an absent party must be joined. Fed. R. Civ. P. 19. First, the court must determine whether the party is necessary and should be joined under Rule 19(a). If the person or entity is a necessary party, the court looks to whether joinder is feasible, or if a lack of subject matter or personal jurisdiction makes joinder impossible. Third, if joinder is not possible, the court must weigh the equities of the situation pursuant to Rule 19(b) and determine if the suit can continue in the party's absence or if the case should be dismissed because the party is indispensable. *See* Fed. R. Civ. P. 19; *Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

3

We review the district court's determination that Plus is a necessary party for an abuse of discretion. *Hooper*, 396 F.3d at 747. FRBC pursued its motion under Fed. R. Civ. P. 19(a)(2)(i), which states that an absent party should be joined if it "claims an interest relating to the subject matter of the action" and the party's absence would "impair or impede" its ability to protect that interest. The district court properly concluded that Plus has an interest in the "subject matter of the action." Contrary to Amex's argument, the case at issue includes not only Bank One's complaint against FRBC, but also Amex's complaint against Bank One. Amex claims that Bank One violated Michigan law when it deducted funds from Amex's account for a check that was not "properly payable." Amex argues the check was not "properly payable" because of a forged endorsement, an endorsement initially accepted by Plus and then not identified by FRBA, FRBC or Bank One. Thus, any interest Plus has in this litigation stems from the original claim made by Amex that the check bore a fraudulent endorsement.

The district court abused its discretion, however, in concluding that Plus's absence from the litigation would "impair or impede" its ability to protect its interests. Although Plus has assumed FRBC's defense, the district court found "no evidence that Plus' defense of the Chicago Fed will adequately protect Plus' own individual interests" and that Plus "has an interest in raising its defenses from liability in this action before the outcome of this action is concluded." These assertions are not supported either by the record or by the text of Rule 19(a).

The mere fact that Amex or Bank One may claim that Plus acted improperly by accepting the check is not sufficient to require joinder under Rule 19(a). *See Pujol v. Shearson/Am. Express, Inc.*, 877 F.2d 132, 136-37 (1st Cir. 1989). For a party to be "necessary" under 19(a)(2)(i), the court must determine that the party's absence would impair or impede the party's ability to protect its interest in the litigation. In the case at hand, FRBC has put forth no evidence that Plus's absence

4

will result in such an impediment. The operation of 12 C.F.R. § 210.5 means that if FRBC is found liable to Bank One, Plus will be liable to FRBC and will have no additional defenses to counteract this liability. Plus has therefore assumed FRBC's defense and will be able to raise any relevant argument regarding the acceptance of the check and the validity of the endorsement. FRBC and Plus have not identified any defense available to Plus that it cannot raise in its defense of FRBC, nor have they offered any support for the assertion that litigating the case in Michigan will make Plus's defenses more difficult to prove. In the unlikely event that Plus has additional defenses that it cannot now identify, it will not be precluded from raising them should the FRBC lose the present action and seek repayment from Plus. A judgment against FRBC would not have any preclusive effect against Plus, outside of the operation of § 210.5. *See Janney Montgomery Scott, Inc. v. Shephard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993) (holding that Rule 19(a)(2)(i) applies to preclusion only if it is "reasonably likely" that the current litigation will preclude the absent party with respect to a "material issue."). As a result, Plus's interests are virtually identical to those of FRBC, and its defense of FRBC will allow Plus to protect its interests. *See North Shore Gas Co. v. Solomon, Inc.*, 152 F.3d 642, 648 (7th Cir. 1998); *Pujol*, 877 F.2d at 135.

Additionally, Plus's interests will be adequately represented by an existing party in this case, FRBC. *See Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit."); *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429-30 (8th Cir. 1994) (same). In determining whether an absent party is adequately represented, the Ninth Circuit looks to

> whether "the interests of a present party to the suit are such that it will undoubtedly make all" of the absent party's arguments; whether the party is "capable of and

5

willing to make such arguments"; and whether the absent party would "offer any necessary element to the proceedings" that the present parties would neglect.

*Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) (quoting *County of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980)). In the case at hand, Plus's assumption of FRBC's defense means that it will undoubtedly make the arguments that benefit its own interests, as well as those of FRBC, and that it is capable of making the arguments. FRBC has not made any showing that Plus would add any additional or necessary element to the proceedings as a party that do not already exist through its defense of FRBC. Thus, Plus's interests are adequately represented by FRBC, and Plus would not be disadvantaged by not being joined as a party.[1]

As there is no evidence that Plus would be impaired or impeded from protecting its interests if not joined as a party, the district court abused its discretion in concluding that Plus is a necessary party that should be joined if feasible under Rule 19(a). It follows that the court also abused its discretion in ordering the case dismissed because Plus could not be joined. The decision of the district court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

---

[1] We assume *arguendo* that analysis of the "adequacy of representation" question is appropriate during the first part of the Rule 19 test, because the Sixth Circuit has never definitively ruled on the issue. Judge Moore stated in *Glancy* that "adequacy of representation" cannot be considered in determining whether a party is necessary under Rule 19(a) and should instead be analyzed during the third part of the test – examination of the four 19(b) factors. 373 F.3d at 667-70. This conclusion does not bind us, however, because Judge Moore did not command a majority on this point. *See id.* at 677 (Rogers, J., concurring) (declining to join this conclusion); *id.* at 677-78 (Ryan, J., concurring in part and dissenting in part) (same). As our conclusion that Plus's interests will be adequately represented by its defense of FRBC is not necessary to our holding, we make no ruling on this largely academic question.