PATRICK E. HIGGINBOTHAM, Circuit Judge:
This case sits at the unusual intersection of federal subject-matter jurisdiction and a district court's exercise of its discretion to dismiss a partnership as a dispensable party when all its partners were parties in the case. We conclude that the district court had subject-matter jurisdiction to try the case and did not err in dismissing a nondiverse partnership as dispensable, nor err in its entry of judgment upon the jury's verdict. We affirm and remand to the district court for the sole purpose of fashioning any appropriate protective measures to prevent duplicative litigation.
I
The four parties to this appeal entered into an overlapping series of agreements regarding management and revenue of a YouTube channel-YouTube.com/VideoGames, featuring reviews of video games and digital recordings of players' screens. This was a lucrative undertaking, but their relationship soured.
A
Defendant-appellee Marko Princip was an entrepreneur in the YouTube arena. In 2012, Princip entered into a "membership agreement" with plaintiff-appellant Brandon Keating where Keating agreed to invest $1500 in exchange for a 30% financial stake and right to make decisions in "Game Guide LLC," a yet-unformed company run by Princip. The agreement also provided that "[a]ny other Youtube Channel, sponsorship, or project, with the exception of TEAMNOBLE, will be considered directly related to" the LLC.
Two months later, Princip reached out to plaintiff-appellant David Tyler Moss to solicit an investment in a new YouTube channel. Princip and Moss signed a partnership *512 agreement where they agreed to "become legal partners in business." Moss agreed to invest $1500 into the "VideoGames Youtube Channel," in exchange for 30% ownership of the company, 30% of brand, channel, website, and app revenue, equal say in partnership decisions, and the ability to log in to the channel at any point. By its terms, the partnership was to be governed by Texas law.
Moss alleges that Princip consistently failed or refused to make timely payments by the fifteenth day of each month, while Princip states that he "dutifully" paid Moss as the money came in. Princip claims that he approached Moss to terminate their partnership agreement, for which Moss demanded an "outrageous" price. Princip says that he then stopped paying Moss to put aside money for negotiating a dissolution of the partnership. Princip and defendant-appellee Brian Martin contacted Moss in November 2012; introducing himself as Princip's business partner, Martin accused Moss of extortion, and informed Moss that his contract with Princip was "void."
Around the same time, Princip entered into an agreement with a minor child, A.L., to assist the VideoGames Channel. Princip failed to disburse promised revenues and A.L. took control of the channel.[1] At some point, Princip enlisted Martin for financial assistance to sue A.L. for control of the channel, but did not discuss the proposed litigation with Moss or Keating. Princip and A.L. reached a settlement in October 2013 where A.L. would retain control of the channel but disburse a portion of future profits. Princip and Martin entered into a partnership agreement stating that they would become joint legal owners of the channel and would divide the profits from the settlement between them. A.L.'s parents then sued Princip and Martin in California state court for breach of the settlement agreement, and Martin and Princip agreed to pay them $30,000 in exchange for the transfer of all interest in the channel.
But the treaty was not long lived. In June 2014, Princip emailed Keating confirming that Keating owned 30% of the channel, for reasons the record does not clarify. Some months later, Moss and Keating filed a petition and application for a temporary restraining order in Texas state court against Princip, Martin, Game Guide LLC, and the unnamed partnership, which they called "Videogames Youtube Channel." Moss and Keating alleged common-law fraud, breach of fiduciary duty, breach of the partnership agreement, conversion, and money had and received. They sought damages for lost earnings and profits and mental anguish, exemplary damages for breach of fiduciary duty, access to the partnership's books and records, and judicial expulsion of Princip from the partnership. They also sought to enjoin Princip from withholding revenue or taking actions to harm the value of the partnership.
B
The defendants removed the case to the United States District Court for the Northern District of Texas, pleading federal diversity jurisdiction. The notice of removal, even after an amendment, did not state the citizenship of each of the parties to the lawsuit. It stated only that Keating was a resident of Illinois and Martin was a *513 resident of California. No one challenged removal.
Ensconced in federal court, the plaintiffs amended their complaint, adding claims for conspiracy and tortious interference with existing contract; seeking Martin and Princip's expulsion as partners; and requesting declaratory relief "to determine the identities and rights of the partners, owners, and investors in the [partnership]."
A jury found a partnership among Moss, Keating, Princip, and Martin-with Moss and Keating each owning 30% of the partnership, and Princip and Martin each 20%. It also awarded Moss and Keating $2,100,000 each in compensatory damages from Princip and Martin, jointly and severally; $5,000,000 each in exemplary damages from Martin; and $3,000,000 each in exemplary damages from Princip.[2]
When the plaintiffs moved for entry of judgment, the defendants moved to dismiss the case for lack of subject matter jurisdiction. They argued that while the four individuals were citizens of different states, there was incomplete diversity because the partnership was included as a defendant.[3] Moss and Keating responded by moving under Federal Rule of Civil Procedure 21 to dismiss the partnership as a dispensable nondiverse party, contending that they did not seek relief or entry of judgment against it and it was not a subject of the jury verdict.
The district court granted the plaintiffs' motion to dismiss the partnership as a dispensable party, denied Princip and Martin's motion for reconsideration, determined that the channel was partnership property, not Princip's individual property, and expelled Princip and Martin from the partnership. It stayed the entry of amended judgment reflecting the expulsion pending appeal. Princip and Martin argue here that the district court lacked jurisdiction over the case and alternatively for a new trial.
II
As federal courts have limited jurisdiction,[4] one invoking the courts' power must affirmatively demonstrate its presence.[5] It is equally settled that "[a] lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."[6] Princip and Martin, having removed the case and lost at trial in the district court, now argue that the district court never had jurisdiction because the partnership was a necessary and indispensable party whose presence foreclosed complete diversity.
We review the district court's subject matter jurisdiction de novo as a matter of law,[7] and its assessment of *514 whether a party is necessary and indispensable for abuse of discretion.[8] We conclude that the district court did not abuse its discretion in dismissing the partnership as a dispensable party to preserve its diversity jurisdiction.
A
To remove the case to federal court, the defendants invoked the district court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires an amount in controversy exceeding $75,000 and "complete diversity" of parties-that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[9]
There was complete diversity between Moss and Keating and the two individual defendants, Princip and Martin.[10] But Moss and Keating sued the partnership in addition to Princip and Martin, and it was a defendant at the time of removal and throughout trial. For the purposes of diversity jurisdiction, a partnership is a citizen of every state in which one of its partners or members is a citizen.[11] The partnership was therefore a citizen of each of the states where Moss, Keating, Princip, and Martin were citizens-North Carolina, Illinois, Texas, and California. From the beginning, there was incomplete diversity of parties.[12]
B
Diversity jurisdiction rests on "the state of facts that existed at the time of filing-whether the challenge to jurisdiction is brought shortly after filing, after the trial, or even for the first time on appeal."[13] For cases removed from state court, jurisdiction must exist at the time of removal.[14] But there has "long been an *515 exception to the time-of-filing rule"[15] : a court may dismiss a dispensable nondiverse party under Rule 21, even after judgment has been rendered.[16] Recognizing this principle, the district court concluded that the partnership and LLC were dispensable, and granted Moss and Keating's motion to dismiss both entities. The primary issue on appeal is whether the district court preserved its jurisdiction.
1
Federal Rule of Civil Procedure 19 directs federal courts to join "required" parties when feasible. The parties do not dispute that the partnership should have been joined if feasible. When joining a required party is not feasible, such as when joining that party would destroy diversity, the court must determine whether the party is "merely necessary" to the litigation, or in fact "indispensable."[17] Rule 19(b) directs a court to consider four factors in assessing "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed":
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[18]
The Supreme Court has cautioned that "whether a particular lawsuit must be dismissed in the absence of [a party] ... can only be determined in the context of particular litigation."[19] "[T]here is no prescribed formula for determining in every case whether a person is an indispensable party."[20]
2
Princip and Martin argue that the partnership was indispensable because Moss and Keating sought declaratory and injunctive relief impacting the structure of the partnership, and pursued claims for damages deriving from and affecting partnership interests. They argue that this case is indistinguishable from our prior decisions in Whalen v. Carter[21] and Bankston v. Burch ,[22] where we held that partnerships were indispensable parties to suits derivatively implicating partnership interests.
In Whalen , a shareholder and creditor of a Louisiana corporation brought RICO, federal securities, and state law claims against multiple defendants, including a *516 real estate partnership in commendam in which the plaintiff was also a partner.[23] We determined that the district court correctly did not assert diversity jurisdiction over the state law claims on summary judgment, since even though the partnership was added as a defendant after the suit was filed, it was indispensable at the time of filing.[24] In establishing that the partnership was an indispensable party, we looked to the fact that under Louisiana law, the legal rights of a partnership in commendam were distinct from the rights of its partners,[25] and that individual suits to recover for the loss of partnership assets rested in "injury to the corporation, not the indirect injury to the partner."[26] As a result, "[t]he absence of [the partnership] from the ... action would prejudice its ability" to "protect against the depletion of its assets and, where necessary ... recover[ ] those assets after they ha[d] been depleted."[27] The partnership was indispensable even though it was possible that limitations might bar the plaintiff's return to state court-we concluded that "the possibility Whalen might not obtain an adequate remedy [did not outweigh] the interest of the partnership in asserting and protecting its legal rights."[28]
In Bankston , a limited partner in a Hawaii limited partnership sued the general partner in Texas state court, claiming fraud or negligent misrepresentation, breach of fiduciary duty, mismanagement and waste of partnership assets, and breach of contract.[29] He sought an accounting, dissolution of the partnership, removal of the general partner, a temporary injunction against the general partner's dissipation of partnership assets, declaratory judgment regarding certain expenditures, and punitive damages.[30] After removing the case to federal court, the general partner contested subject matter jurisdiction on the eve of trial, but the district court determined that it had jurisdiction and proceeded with the trial.[31] Following Whalen , we concluded that because Bankston's claims were entirely or almost entirely derivative of the partnership's rights and interests,[32] the partnership was indispensable and there was incomplete diversity.[33]
Princip and Martin observe that like the state partnership law governing Whalen and Bankston , under Texas law, a partnership is a distinct entity from its individual *517 partners.[34] Moss and Keating alleged that Princip and Martin breached fiduciary duties and failed to allow them to participate in the partnership's management, resulting in a loss of revenue and injury to the partnership itself.[35] These claims are analogous to the claims that Whalen and Bankston properly treated as derivative of the partnership's interests. Indeed, in addition to claims for damages resting on the partnership's rights and interests, the plaintiffs sought relief implicating the partnership's own governance and composition: judicial expulsion of Princip[36] and injunctive relief against actions that would lower partnership revenues.
But while there are parallels between this case and Whalen and Bankston , Rule 19 requires courts to be "flexible and pragmatic" in evaluating a party's indispensability,[37] a call demanding attention to the case at hand to answer whether the district court abused its discretion in concluding that equity and good conscience allowed the case to proceed in the partnership's "absence."
3
Both Whalen and Bankston hinged on threatened prejudice to the partnership if the case proceeded in its absence.[38] We observed that other considerations weighed in favor of treating the partnership as dispensable, but concluded that the risk of prejudice to the partnership was more significant. In neither case were all constituent partners in the partnership parties to the suit. Moss and Keating argue that when all partners are parties, the partnership's "entire interest" is already represented, and so the partnership itself is dispensable.
Several circuits have found non-diverse partnerships to be dispensable where all partners, or all general partners, were parties to the litigation and could adequately represent partnership interests. Most recently, the Sixth Circuit considered litigation brought by a limited partner in a real estate partnership against the general partner and its sole shareholder, seeking to recoup assets that the general partner had allegedly diverted and to enforce an agreement for an equal split of profits.[39] The court acknowledged that the partnership was a necessary party under Rule 19(a) because it had an interest distinct from the plaintiff's in recouping diverted assets.[40] But it concluded that the partnership was not indispensable: the partnership was adequately represented by the presence of its general partner and its sole shareholder; the court could shape relief to avoid prejudice to the partnership; and the plaintiff might no longer be able to bring a *518 viable case in state court.[41]
The Third Circuit reached the same conclusion where two of the three members of a partnership sued the third, seeking a declaratory judgment that the third partner breached the partnership agreement and had therefore lost its status as a limited partner.[42] The partnership should have been joined if feasible under Rule 19(a), both because the defendant partner's capital obligation implicated partnership rights and the continued presence of the partner would compel the sale of the partnership's real property.[43] The court ultimately concluded that the nondiverse partnership was dispensable under Rule 19(b) ; while a defendant partner might be at risk of repetitive litigation-the partnership later bringing the same claims plaintiff partners raised-a district court can enjoin individual partners from further pursuit of suits on behalf of the partnership.[44] And, while the partnership as an entity had an interest in the outcome of the case, its interests were adequately represented by the presence of all of its partners.[45] The court observed that it did not matter whether the lawsuit was characterized as derivative: the balancing of interests under Rule 19 favored dismissing the partnership regardless of the characterization.[46]
Finally,[47] the Second Circuit dismissed a partnership as a dispensable party after the conclusion of a full trial between several of its limited partners and its general partner.[48] The limited partners sought removal of the general partner or dissolution of the partnership, money damages in favor of the partnership, and an accounting.[49] The court recharacterized the action as a derivative class action on behalf of all limited partners and held that the partnership should be dismissed as a dispensable nondiverse party based on a weighing of the equities under Rule 19(b) -especially because, post-trial, the plaintiffs' had a heightened interest in preserving the fully litigated judgment.[50]
"[G]uided by common sense," as we must be under Rule 19,[51] we conclude that the district court did not abuse its discretion in determining that the partnership was a dispensable party. As in the *519 cases we have discussed, the partnership's interests were fully represented by each of its partners, all of whom were before the court. Although the plaintiffs raised claims for damages derivative of the partnership's rights, the partnership's presence in the suit was not necessary to protect the partnership or any of the parties from prejudice.[52] The partnership was a party throughout the litigation, but its role was purely passive, reflecting the reality that its interests did not diverge from the interests represented by the four individual partners and that its presence played no distinct role in the outcome of the suit against the individuals.[53] The plaintiffs' "interest in preserving a fully litigated judgment should be overborne only by rather greater opposing considerations than would be required at an earlier stage."[54] And, finally, any risk of duplicative litigation brought by the partnership itself can be cured through injunctive relief fashioned by the district court.[55]
Our decision reflects the unique relationship between the partnership's interests and the interests of each of its partners. Although a partnership is legally treated as a separate entity, "its interests can only be known" through the constituent partners who control its actions.[56] "A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership."[57]
4
There is one final wrinkle. Princip and Martin argue that apart from whether the partnership is an indispensable party, it was required to be joined as a "real party in interest" under Federal Rule of Civil Procedure 17(a). To the extent that Princip and Martin argue that only the partnership as an entity could sue them, this misapprehends the real-party-in-interest requirement under Rule 17, which recognizes that "a party authorized by statute" may "sue in their own name[ ] without joining the person for whose benefit the action is brought."[58] Texas partnership law authorizes liability to a partnership or its partners for breach of the partnership agreement or violation of partnership duties,[59] and authorizes judicial expulsion *520 of a partner "on application by the partnership or another partner."[60] Moss and Keating were entitled to sue in their own names.[61] To the extent that Princip and Martin instead argue that all real parties in interest must be joined in a lawsuit, we have already explained that the partnership was a proper party to the lawsuit, but was not indispensable because its interest was fully represented by the presence of its individual partners. As Wright & Miller explains, "the question of who should or may be joined in the action must be determined under Rule 19 and Rule 20 rather than Rule 17(a)"[62] -"[t]he fact that an absent person could bring the action as a real party in interest does not of itself make that person a necessary or indispensable party."[63]
This said, Rule 17"insure[s] generally that the judgment will have its proper effect as res judicata."[64] When a rightsholder is not joined in a lawsuit, the defendant is at risk of subsequent litigation raising essentially the same claims. Any such risk can be alleviated through properly shaped protective provisions in the judgment.
* * *
In sum, the partnership was not an indispensable party or otherwise required to be joined; the district court did not err in dismissing it, and the court had diversity jurisdiction. We remand for the district court to consider protective provisions to guard Princip and Martin against the risk of future duplicative litigation, in keeping with the goals of Rules 17 and 19(b). Sufficient protection may include an injunction prohibiting Moss and Keating from suing Princip and Martin on behalf of the partnership on any claims the partnership could have raised in this suit, as well as requiring them to cause the partnership to release the claims as a condition of judgment.[65] This we leave to the able district court.
*521 Princip and Martin raise essentially the same challenge based on the presence of Game Guide LLC, the limited liability company initially formed between Princip and Keating. They do not argue that the LLC should be treated differently from the partnership in our jurisdictional inquiry. Our analysis extends to the LLC, which the district court also properly dismissed.
III
Having determined that the district court had jurisdiction to try the case, we will now address Princip and Martin's objections to the outcome. They raise two sets of challenges: that the jury reached inconsistent conclusions in its responses to the Rule 49 submissions, and that insufficient evidence supported several of the jury's responses.
As a preliminary matter, Princip and Martin did not object to the jury instructions, contest the jury's answers to the Rule 49 submissions, or challenge the sufficiency of the evidence at the close of Moss and Keating's evidence or even after the jury returned its answers to the Rule 49 submissions. Following a post-trial substitution of counsel, Princip and Martin argued that the court should delay entry of judgment to allow them to challenge the jury's findings, but the court did not delay judgment and there is no indication that they filed any post-trial motions challenging the trial outcome.[66] As we will explain, Princip and Martin's failure to properly place these issues before the district court fatally impairs their appellate challenge.[67]
A
Princip and Martin first contend that the jury reached inconsistent conclusions in its responses to the Rule 49 submissions. Although they failed to object to these alleged inconsistencies before the district court, we have observed that "[i]f answers to jury interrogatories are in irreconcilable conflict, then the judge has no authority to enter judgment based upon those answers," so litigants "d[o] not waive their right to complain of inconsistent answers by failing to object."[68] We must therefore assess whether the jury's answers to the Rule 49 submissions were in irreconcilable conflict.[69]
The court submitted the Rule 49 interrogatories to the jury, asking it to determine separately the defendants' contract and tort liability and any damages that followed for each and instructing it not to "increase or reduce the amount in one answer because of [its] answer to any other question about damages." The jury found that each plaintiff lost $725,000 in *522 past contract royalties and $731,700 in predicted future royalties as a result of the defendants' failure to comply with the partnership agreement, but lost $600,000 in past contract royalties and $1,500,000 in predicted future royalties as a result of the defendants' tortious conduct.[70] Princip and Martin assert that because the jury arrived at differing amounts, its answers to the Rule 49 submissions were irreconcilable.
There is nothing conflicting about the judgment entered upon the verdict, for having submitted different theories of liability to the jury the district court required the plaintiffs to elect one theory of damages; the plaintiffs elected damages attributable to the defendants' tortious conduct. To the extent that the jury's answers differed, this reflects the different theories of liability. The appellants' suggestion that the plaintiffs' contract and tort theories should have produced the same amount of damages does not acknowledge the differences between the two.
B
Princip and Martin also contend that there was insufficient evidence to support the jury's finding of causation as to future damages; its calculation of both past and future damages; and its liability findings as to Martin.
It is settled that "a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court."[71] We have held that "[a] party that fails to move for judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence at the conclusion of all of the evidence waives its right to file a post-verdict Rule 50(b) motion, and also waives its right to challenge the sufficiency of the evidence on appeal."[72] Likewise, "there can be no appellate review of allegedly excessive or inadequate damages if the trial court was not given the opportunity to exercise its discretion on a motion for a new trial."[73] As we have explained, Princip and Martin did not raise any objections or post-trial motions challenging the sufficiency of the evidence to support the jury's damages and liability determinations.
When a challenge to the sufficiency of the evidence is not preserved for appellate review, "[w]e review ... for plain error and will not reverse if any evidence supports the jury verdict."[74] Princip and Martin have not shown that no evidence supported the jury's findings. While they offer ways to interpret the evidence in their favor or to discount Moss and Keating's evidence, the jury disagreed.[75]
*523 We do "not look with favor upon tardy arguments that are brought to the [district] court's attention post-trial after counsel has had the opportunity to salvage what she may from the record."[76] Princip and Martin now argue that we should allow a do-over. They have not demonstrated their entitlement to such relief.
IV
We remand to the district court for the sole purpose of fashioning appropriate injunctive relief to limit any found risks of duplicate litigation, as we have discussed, and affirm its judgment.

Moss's attorney sent Princip a demand letter in February 2013, claiming that Princip failed to pay Moss his full share of revenues in a timely manner and that Moss did not have complete access to his channel because A.L. had changed the password to lock out Princip.

This was based on one measure of damages connected to the plaintiffs' tort claims. The district court reduced Martin's exemplary damages to $4,200,000 in accordance with a statutory cap.

As we will discuss, the defendants also argued that Game Guide LLC was a nondiverse, jurisdiction-destroying party.

Quinn v. Guerrero , 863 F.3d 353, 358 (5th Cir. 2017) (citing Arbaugh v. Y&H Corp. , 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ).

See, e.g. , Settlement Funding, L.L.C. v. Rapid Settlements, Ltd. , 851 F.3d 530, 534 (5th Cir. 2017).

Id. at 534 (quoting Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc. , 666 F.3d 932, 935 (5th Cir. 2012) ).

Arena v. Graybar Elec. Co. , 669 F.3d 214, 218-19 (5th Cir. 2012) ; Harvey v. Grey Wolf Drilling Co. , 542 F.3d 1077, 1079 (5th Cir. 2008).

See HS Resources, Inc. v. Wingate , 327 F.3d 432, 438-39 (5th Cir. 2003) (citing Pulitzer-Polster v. Pulitzer , 784 F.2d 1305, 1309 (5th Cir. 1986) ).

Harvey , 542 F.3d at 1079 (citing Strawbridge v. Curtiss , 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) for the complete-diversity rule).

Specifically, Moss was a citizen of North Carolina, Keating was a citizen of Illinois, Princip was a citizen of Texas, and Martin was a citizen of California.
This raises an ancillary issue: because one of the properly joined and served defendants was a Texas citizen, they did not satisfy the requirements of the removal statute. See 28 U.S.C. § 1441(b)(2). Because no party raised this procedural issue in a timely manner, however, the district court was not obligated to consider it. See Adam v. Berry (In re 1994 Exxon Chem. Fire ), 558 F.3d 378, 393-96 (5th Cir. 2009) ; see also Monroe v. United Carbon Co. , 196 F.2d 455, 457 (5th Cir. 1952) ("[W]here a resident defendant has improperly removed a suit on the grounds of diversity of citizenship, if no motion to remand is made and all jurisdictional requisites under said section 1332 are present, the court may treat it as an action originally brought in the federal court, and in which the question of venue and all procedural requirements are waived.").

See Grupo Dataflux v. Atlas Glob. Grp., L.P. , 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ; Carden v. Arkoma Assocs. , 494 U.S. 185, 192-95, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) ; Harvey , 542 F.3d at 1080.

We have previously recognized the somewhat counterintuitive interaction between the complete-diversity rule and the established principle that a partnership is a citizen of all states where its partners are citizens, but have declined to carve out an exception for such cases. See Whalen v. Carter , 954 F.2d 1087, 1095 (5th Cir. 1992).

Grupo Dataflux , 541 U.S. at 570-71, 124 S.Ct. 1920.

See GlobeRanger Corp. v. Software AG U.S. of Am., Inc. , 836 F.3d 477, 488-89 (5th Cir. 2016) ; Louisiana v. Am. Nat. Property Cas. Co. , 746 F.3d 633, 636-37 (5th Cir. 2014).

Grupo Dataflux , 541 U.S. at 572, 124 S.Ct. 1920.

Id.case-ids="5888814" index="31" url="https://cite.case.law/us/541/567/#p569"> at 571-73, 124 S.Ct. 1920.

Provident Tradesmens Bank & Trust Co. v. Patterson , 390 U.S. 102, 117-19, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

Fed. R. Civ. P. 19(b).

Provident Tradesmens , 390 U.S. at 117, 88 S.Ct. 733.

Id. at 118 n.14, 88 S.Ct. 733 (internal alterations omitted).

954 F.2d 1087.

27 F.3d 164 (5th Cir. 1994).

Whalen , 954 F.2d at 1089-90.

Id. at 1095-96 (citing Freeport-McMoRan, Inc. v. K N Energy, Inc. , 498 U.S. 426, 10" index="45" url="https://cite.case.law/us/498/426/">111 S.Ct. 858, 112 L.Ed.2d 951 (1991) ). Having established that the district court did not have diversity jurisdiction over the state law claims, we remanded for the district court to determine whether it could exercise supplemental jurisdiction over those claims. Id. at 1097.

Id. at 1096 (citing La. Code Civ. Proc. Art. 688 (1991) ).

Id.

Id.

Id. at 1097. The court acknowledged that Whalen might still be able to obtain an adequate remedy through the exercise of supplemental jurisdiction. Id. n.9.

Bankston , 27 F.3d at 166.

See ids="10523483" index="51" url="https://cite.case.law/f3d/27/164/">id.

Id.

Id. at 167-68. We observed that Bankston's request for an accounting might be brought individually, but concluded that "[p]lainly the derivative claims overwhelm any individual claim for an accounting in this case." Id. at 167 n.6.

Id. at 167-68. As in Whalen , "the judgment would prejudice the partnership's rights and ... shaping the relief provided inadequate protection to the partnership's interest." Id. at 168.

Tex. Bus. Orgs. Code § 152.056.

Their claims for breach of fiduciary duty alleged that Princip "deal[t] with the partnership in a manner adverse to the partnership," and "ma[de] managerial decisions and directional decisions without [the plaintiffs'] knowledge or consent."

They later amended their complaint in federal court to also seek judicial expulsion of Martin.

Determination by the Court Whenever Joinder Not Feasible , 7 Fed. Prac. & Proc. Civ. § 1608 (3d ed.) ("[T]o a substantial degree the effective operation of the rule depends on the careful exercise of discretion by the district court.").

Whalen , 954 F.2d at 1096-97 (observing that other interests tipped in favor of dispensability, but the partnership's strong interest in the litigation rendered it indispensable); accord Bankston , 27 F.3d at 168.

See Hooper v. Wolfe , 396 F.3d 744, 745-46 (6th Cir. 2005).

Id. at 748.

Id. at 749-51.

HB Gen. Corp. v. Manchester Partners, L.P. , 95 F.3d 1185, 1188 (3d Cir. 1996).

Id. at 1190.

Id. at 1191-92 ("[T]he Partnership, like a marionette, cannot make a move unless some human being pulls the strings.").

Id. at 1192-93.

Id. at 1195-96. The court referenced the Supreme Court's reminder that the Rule 19(b) determination is context-sensitive, and does not hinge on formulaic characterizations. Id. at 1196 (citing Provident Tradesmens , 390 U.S. at 118 & n.14, 88 S.Ct. 733 ).

We note Delta Fin. Corp. v. Paul D. Comanduras & Associates , 973 F.2d 301 (4th Cir. 1992), where a partnership's sole limited partner sued the general partner to compel arbitration in accordance with the partnership agreement. The court referenced the "strictly internal" nature of the conflict between the partners and concluded that the partnership was neither necessary nor indispensable. Id. at 303-04.

Curley v. Brignoli, Curley & Roberts Assocs. , 915 F.2d 81, 82 (2d Cir. 1990). The lawsuit initially included the partnership as a defendant, because it was not yet settled that the citizenship of a limited partnership was based on the citizenship of all of its partners. See id. at 83-84. The Supreme Court issued its Carden decision establishing that rule while the appeal was pending. See id. at 82.

Id. at 83.

Id. at 88-92 (discussing Provident Tradesmens , 390 U.S. at 112, 88 S.Ct. 733 ).

HB Gen. , 95 F.3d at 1193.

See Fed. R. Civ. P. 19(b)(1).

Princip and Martin suggest that the partnership's presence afforded the plaintiffs a tactical advantage. We do not suggest that the district court ought not pragmatically consider such advantage when present. We see none here.

Provident Tradesmens , 390 U.S. at 112, 88 S.Ct. 733 ; see also id. at 109-10, 88 S.Ct. 733 ("Before the trial, the strength of [the plaintiff's interest in having a forum] depends upon whether a satisfactory alternative forum exists. On appeal, if the plaintiff has won, he has a strong additional interest in preserving his judgment." (footnote omitted) ).

See HB Gen. , 95 F.3d at 1191 (explaining the actions the district court could take to protect the defendants from future prejudice).

See Hooper , 396 F.3d at 750 ; see also HB Gen. , 95 F.3d at 1193 ("Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interests of the human beings that are its members (albeit through the medium of other partnerships and corporations).").

HB Gen. , 95 F.3d at 1193.

Fed. R. Civ. P. 17(a)(1)(G).

Tex. Bus. Orgs. Code §§ 152.210, 152.211. As Moss and Princip observe, some Texas courts have construed § 152.211 to limit partners' ability to personally sue for actions that diminished the general value of the partnership. See Hodges v. Rajpal , 459 S.W.3d 237, 248-50 (Tex. App.-Dallas 2015) ; Hall v. Douglas , 380 S.W.3d 860, 872-74 (Tex. App.-Dallas 2012). These cases only address limited partnerships, and their logic is not universally accepted. See Siddiqui v. Fancy Bites, LLC , 504 S.W.3d 349, 361-62 (Tex. App.-Houston [14th Dist.] 2016) (explaining that individuals had standing to assert claims for damages that accrued to them personally, even if they presented evidence of harm to their association as a whole); Lake v. Cravens , 488 S.W.3d 867, 888 (Tex. App.-Fort Worth 2016) (concluding that this issue goes not to standing, but simply to what damages a plaintiff may recover).
We cannot conclude that the partnership was required to be joined as a plaintiff. Any interest of the partnership was fully represented and vindicated, and there was no need to "preserve assets for the benefits of all partners," cf. In re Fisher , 433 S.W.3d 523, 527 (Tex. 2014), since all partners were present in the case and monetary recovery was determined by percentage partnership share.

Tex. Bus. Orgs. Code § 152.501(b)(5).

See Real Party in Interest-In General , 6A Fed. Prac. & Proc. Civ. § 1543 (3d ed.) (explaining that the purpose of the real-party-in-interest requirement is to require that "the action ... be brought by the person who, according to the governing substantive law, is entitled to enforce the right").

Id. Our decision in Bankston , for example, hinged on the indispensability of the partnership to the plaintiff's derivative claims. We determined that the partnership was "at a minimum" the real party in interest to the derivative suit, then went on to analyze under Rule 19 whether it could be dismissed to preserve jurisdiction. Bankston , 27 F.3d at 167.

6A Fed. Prac. & Proc. Civ. § 1543 ; see also HB Gen. , 95 F.3d at 1196-97 (holding that where partners were authorized to bring suit under Delaware law-derivatively or otherwise-the real party in interest requirement was met and the partnership was not required to be joined).

Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment.

Cf. HB Gen. , 95 F.3d at 1191-92 (laying out the rationales for these protective provisions).

Princip and Martin made clear that they were not asking the district court to pass judgment on the sufficiency of the evidence or other potential inconsistencies at the time they raised the issues, but rather were asking for more time to review the record prior to filing any motions.

In addition, Princip and Martin waived portions of their argument on appeal by failing to cite adequate authority to support their positions. See Sindhi v. Raina , 905 F.3d 327, 334 (5th Cir. 2018). Notably, while Martin argues that he should not have been held liable to the same extent as Princip, he cites no caselaw to justify vacating the judgment as to his liability.

See Brunner v. Maritime Overseas Corp. , 779 F.2d 296, 297-98 (5th Cir. 1986) (citing Alverez v. J. Ray McDermott , 674 F.2d 1037 (5th Cir. 1982) ).

Cf. Alverez , 674 F.2d at 1040 (noting that the Seventh Amendment requires us "to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible .... before we are free to disregard the jury's verdict and remand the case for new trial").

The district court only entered judgment for the damages the jury found to be connected to the defendants' tortious conduct, which avoided any overlap between the two measures of damages.

Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc. , 546 U.S. 394, 404, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006).

United States ex rel. Wallace v. Flintco Inc. , 143 F.3d 955, 960 (5th Cir. 1998) ; accord NewCSI, Inc. v. Staffing 360 Sols., Inc. , 865 F.3d 251, 257 & n.4 (5th Cir. 2017).

Bueno v. City of Donna , 714 F.2d 484, 493-94 (5th Cir. 1983).

NewCSI, Inc. , 865 F.3d at 257 ; see Navigant Consulting, Inc. v. Wilkinson , 508 F.3d 277, 292 (5th Cir. 2007).

For example, Princip and Martin argue that the only evidence of the channel's profits came from Princip's tax forms, but the jury apparently rejected their argument at trial that the tax forms were the best indicator of the channel's profits, in favor of the plaintiffs' argument that Princip and Martin had represented the channel as earning significantly more.

Risher v. Aldridge , 889 F.2d 592, 595 (5th Cir. 1989) ; accord Garriott v. NCsoft Corp. , 661 F.3d 243, 248 (5th Cir. 2011).