# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2021

Lyle W. Cayce
Clerk

No. 20-30623

Caytrans Project Services Americas, Limited,

*Plaintiff—Appellant*,

*versus*

BBC Chartering & Logistics GmbH & Company KG; BBC Global GmbH & Company KG; BBC Chartering USA, LLC,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-414

---

Before Owen, *Chief Judge*, and Davis and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff, Caytrans Project Services Americas, Ltd. ("Caytrans"), appeals the district court's judgment granting the Rule 12(b)(7) motion to dismiss filed by Defendants, BBC Chartering & Logistics GmbH & Co. KG, BBC Global GmbH & Co. KG, and BBC Chartering USA, LLC. In their

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30623

motion, Defendants asserted that Caytrans failed to join an indispensable party required by Rule 19, and because the party's joinder would destroy the court's diversity jurisdiction, Caytrans's complaint had to be dismissed. For the reasons set forth below, we VACATE and REMAND.

## I. BACKGROUND

In 2006 Caytrans, a corporation domiciled in Louisiana, entered into a Shareholders' Agreement ("Agreement") with BBC Chartering & Logistics GmbH & Co. KG ("BBC"), domiciled in Germany. The Agreement created a Louisiana limited liability company, Caytrans BBC, LLC ("Company"), to operate chartered marine vessels. Caytrans and BBC each owned 50 percent of the shares in the Company. In 2016 BBC transferred its shares to BBC Global GmbH & Co. KG ("BBC Global"), also domiciled in Germany, at which point Caytrans continued to own 50 percent of the Company's shares, and BBC Global owned the other 50 percent.

In its complaint, Caytrans asserted that it agreed with BBC that two commercial agents, BBC (USA) LP ("BBC USA") and Dan-Gulf Shipping, Inc. ("Dan-Gulf"), would be appointed to assist with the Company's operations. Caytrans further alleged that the Agreement required BBC or BBC USA to perform "[a]ll accounting for the Company" and to "submit monthly accounting to the Board" and that the Agreement required BBC to maintain the Company's bank account. According to Caytrans, a 2008 addendum to the Agreement provided that all references to BBC USA in the Agreement referred to Defendant, BBC Chartering USA, LLC ("BBC Chartering USA"), whose sole member is BBC Global.

Caytrans further stated in its complaint that BBC hired Dan-Gulf's controller, Deepak N. Jagtiani ("Jack"), to perform these accounting services for the Company. Caytrans explained that BBC paid 50 percent of Jack's salary and benefits and that Dan-Gulf paid the other 50 percent since

No. 20-30623

Jack continued to work for Dan-Gulf as its controller. Caytrans alleged that although BBC, BBC Global and/or BBC Chartering USA were "responsible" for the Company's accounting, "they did absolutely nothing to monitor and supervise Jack's handling of [the Company's] finances or the status of [the Company's] accounts." Caytrans asserted: "Among other things, they did not ask Jack to send them regular financial statements, bank statements or other financial records needed to satisfy their duty to properly handle [the Company's] accounting."

In January 2019, Jack informed the management of the Company and the management of Dan-Gulf that there were not enough funds on hand to meet either companies' obligations. On January 15, 2019, the Company and Dan-Gulf "instructed Jack to provide complete financial information to them." On February 5, 2019, Jack abruptly resigned and never returned to work. Investigation into the companies' financial situations revealed that Jack had embezzled approximately $5.9 million from the Company over a 10-year period.

Caytrans stated that it has not been able to recover any of the stolen funds from Jack, but that it, one of its affiliates, the Company, an agent of the Company, and Dan-Gulf have all sued Jack and others in state court to recover as much of the losses as possible. Caytrans contended that BBC and BBC Global, however, have resisted allowing the Company to pay any portion of the costs for investigating the losses and pursuing the recovery of the losses from Jack and others. Additionally, Caytrans asserted that, in January 2020, it discovered that BBC and/or BBC Global have "been competing with [the Company] for business and diverting business away from [the Company]" for their sole benefit and to the detriment of the Company and Caytrans. Caytrans also alleged that BBC Chartering USA ceased carrying out its duties as the Company's agent and diverted business away from the Company and to its sole member, BBC Global.

No. 20-30623

Based on the allegations relating to Jack's embezzlement, Caytrans asserted claims against Defendants for breach of their contractual obligations to monitor and supervise the Company's accounting and bank accounts, breach of their fiduciary duty to fulfill their "accounting duties in good faith and with ordinary diligence," and gross negligence in "failing to have adequate safeguards in place to prevent theft and failing to discover the embezzlement." Based on the allegations that Defendants were diverting business away from the Company, Caytrans asserted that they breached their fiduciary duty of loyalty to the Company by self-dealing and engaging in unfair trade practices in violation of Louisiana law.

As to the damages resulting from Defendants' breach of their contractual and fiduciary duties and gross negligence relating to Jack's embezzlement, Caytrans asserted that the Company lost approximately $5.9 million and that, "as a 50% shareholder" of the Company, it "derivatively was damaged" by almost $2.9 million. As to the damages resulting from Defendants' alleged self-dealing and unfair trade practices, Caytrans asserted that the Company suffered a "business loss, and a loss of reputation in the market, all in an amount to be proven at trial," and that "as a 50% shareholder" of the Company, Caytrans "derivatively was damaged by 50% of this business loss."

In response to Caytrans's complaint, Defendants filed the Rule 12(b)(7) motion to dismiss at issue in this appeal. They asserted that because Caytrans's complaint set forth a derivative action, Caytrans was required to join the Company as a party under Rule 19.[1] Defendants contended that once the Company was properly joined as a defendant,

---

[1] Defendants also argued that Caytrans failed to plead properly a derivative action under Rule 23.1. The issue became moot, however, by the filing of Caytrans's verified third amended complaint, which complied with Rule 23.1.

No. 20-30623

however, the district court would lack subject matter jurisdiction over the action because Caytrans and the Company are nondiverse.[2] Therefore, the action had to be dismissed.

In opposition to the motion, Caytrans acknowledged that the Company is a required party under Rule 19(a) because this is a derivative action. Caytrans asserted, however, that the Company is not an indispensable party under the factors set forth in Rule 19(b); therefore, its joinder was not mandatory, and diversity jurisdiction was present.

The district court granted Defendants' motion to dismiss. It reviewed the Rule 19(b) factors, determining that three of the four factors indicated that the Company was an indispensable party and favored dismissal. Caytrans filed a motion for reconsideration, which the district court denied. This timely appeal followed.

## II.  DISCUSSION

Rule 19(a) directs the district court to join "required" parties "if feasible."[3] But, "[w]hen joining a required party is not feasible, such as when joining that party would destroy diversity [jurisdiction], the court must determine whether the party is 'merely necessary' to the litigation, or in fact 'indispensable.'"[4] Specifically, Rule 19(b) instructs the district court to consider the following four factors to "determine whether, in equity and good conscience, the action should proceed among the existing parties or

---

[2] In *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), this Court held that "the citizenship of a LLC is determined by the citizenship of all of its members." Consequently, the Company is a citizen of Louisiana and Germany. Thus, whether the Company is joined as a plaintiff or defendant, diversity jurisdiction would be lacking.

[3] FED. R. CIV. P. 19(a).

[4] *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019) (citation omitted).

5

No. 20-30623

should be dismissed:" (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[5]

This Court has noted that "Rule 19 militate[s] in favor of a highly practical, fact-based decision."[6] "While the indispensability of a party is a question of federal law, a federal court can look to state law to determine the relative interest that the party has in the litigation."[7] The decision whether a party is indispensable can be made only after considering the "context of particular litigation."[8] This Court reviews the district court's decision to dismiss for failure to join an indispensable party under an abuse-of-discretion standard.[9]

## A.    Extent to which a judgment rendered in the Company's absence might prejudice the Company or Defendants

The district court determined that the first Rule 19(b) factor, the extent to which a judgment rendered in the Company's absence might prejudice the Company or Defendants, weighed in favor of a finding that the Company was an indispensable party.

---

[5] Fed. R. Civ. P. 19(b).

[6] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

[7] *Whalen v. Carter*, 954 F.2d 1087, 1096 n.8 (5th Cir. 1992) (citations omitted).

[8] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).

[9] *Pulitzer-Polster*, 784 F.2d at 1309.

*(1) Prejudice to the Company*

The district court noted that as a Louisiana limited liability company ("LLC"), the Company was "wholly separate" from its members and that its separate status "suggest[ed] separate interests—interests unrepresented and therefore unprotected here." Because a judgment rendered in the Company's absence would fail to account for the Company's "distinct interests," the district court determined that such judgment would "plainly prejudice" the Company.

Caytrans rightly points out, however, that the district court did not describe what those "separate and unprotected interests" were. Caytrans disputes that the Company has any separate interests that are not fully protected by the existing parties, as "this is a purely internal dispute between the only two members of [the Company] concerning the operation of that limited liability company."

On appeal, Defendants attempt to identify the Company's separate and unprotected interests. They assert that the Company must be joined so that the Company can answer Caytrans's allegations against it for "not acting as it should." Caytrans, however, has not alleged any wrongdoing by the Company. Defendants also assert that if the Company is not a party, it cannot defend itself against allegations concerning its own negligence in this matter. Again, however, Caytrans has not alleged that the Company was negligent, but that Defendants were, and states that it "has no intention of arguing that [the Company] [wa]s negligent."

Relying on a recent case from this Court, Caytrans asserts that the Company's interests in this action, whatever they may be, are fully protected because its only two members (Caytrans and BBC/BBC Global) are both parties to this suit. In *Moss v. Princip*, the plaintiffs were two partners and limited liability members of a four-person partnership and a four-person

No. 20-30623

LLC.[10] They sued the other two partners and limited liability members, the partnership, and the LLC in state court, alleging fraud, breach of fiduciary duty, breach of the partnership agreement, and conversion.[11]

The defendants removed to federal court on the basis of diversity jurisdiction. After a jury trial and a verdict in favor of the plaintiffs, the defendants moved to dismiss the case, arguing that the district court never had subject matter jurisdiction because the partnership and the LLC were nondiverse. The plaintiffs responded by moving to dismiss the partnership and LLC as dispensable nondiverse parties. The district court granted the plaintiffs' motion, and this Court affirmed.[12]

This Court determined that the district court did not abuse its discretion in dismissing the partnership and LLC as dispensable parties to preserve its diversity jurisdiction. The parties agreed that the partnership was a "required" party under Rule 19(a). The defendants further asserted that the partnership was "indispensable" under Rule 19(b). Noting that Rule 19 requires a "flexible and pragmatic" approach in evaluating a party's indispensability, and discussing cases from other circuits,[13] this Court affirmed the district court's judgment because "the partnership's interests were fully represented by each of its partners, all of whom were before the court."[14]

---

[10] 913 F.3d 508, 512 (5th Cir. 2019).

[11] *Id.*

[12] *Id.* at 513.

[13] *Id.* at 517–18 (citing *Hooper v. Wolfe*, 396 F.3d 744 (6th Cir. 2005); *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185 (3d Cir. 1996); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81 (2d Cir. 1990)).

[14] *Moss*, 913 F.3d at 519.

No. 20-30623

This Court further noted that although the plaintiffs raised claims for damages "derivative" of the partnership's rights, the presence of the partnership was not necessary to protect the partnership or the parties from prejudice. This was shown by the fact that the partnership played a "purely passive" role throughout the litigation, "reflecting the reality that its interests did not diverge from the interests represented by the four individual partners and that its presence played no distinct role in the outcome of the suit against the individuals."[15] This Court further noted that any risk of duplicative litigation brought by the partnership itself could be cured through injunctive relief fashioned by the district court.[16] Because the defendants did not argue that the LLC should be treated differently from the partnership for the jurisdictional inquiry, this Court extended its analysis to the LLC and held that the district court also properly dismissed the LLC.[17]

Our decision in *Moss* reflects the "highly practical, fact-based decision" a court should make when determining the indispensability of a party.[18] As applied here, *Moss* requires a determination whether the Company's interests ***vary*** from those of Caytrans or BBC/BBC Global such that the Company would play a distinct role in this lawsuit. If the Company's interests do not diverge from Caytrans or BBC/BBC Global, then the Company's presence is not required to protect its interests.

In this case, the district court noted that as a Louisiana LLC, the Company is "wholly separate" from its members. The court concluded that the Company's separate status under Louisiana law "suggest[ed] separate

---

[15] *Id.*

[16] *Id.*

[17] *Id.* at 521.

[18] *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

interests—interests unrepresented and therefore unprotected here." But the court did not engage in an analysis of the facts to determine whether the Company's interests (although separate under Louisiana law) ***varied*** in reality from those of Caytrans or BBC/BBC Global. Our decision in *Moss* suggests that because the only two limited liability members of the Company are parties to the suit, then any interest of the Company will be protected. Specifically, to the extent that the Company has valid claims against BBC/BBC Global, Caytrans can advance those claims; to the extent that the Company has valid claims against Caytrans, BBC/BBC Global can advance those claims. Moreover, Caytrans has alleged no wrongdoing on the part of the Company such that the Company might need to play a distinct role here, and Caytrans has confirmed that it has no intention of asserting such allegations in this suit.

As the district court noted, the procedural posture of *Moss* was different from the instant matter. The case was on appeal after a jury trial had been completed, and a verdict rendered in the plaintiffs' favor. The Supreme Court has noted that after a judgment has been rendered, there is "a strong additional interest" under Rule 19(b) in preserving a district court's judgment.[19] The different procedural posture, however, does not render *Moss* inapplicable here. Our holding in *Moss* was not dependent upon the procedural posture of the case. Rather, we emphasized in *Moss* that "Rule 19 requires courts to be 'flexible and pragmatic' in evaluating a party's indispensability, a call demanding attention to the case at hand."[20]

---

[19] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968).

[20] *Moss*, 913 F.3d at 517 (citation omitted). The district court's decision in *Orpheum Property, Inc. v. Coscina*, No. 17-6480, 2018 WL 1518471, at *1 (E.D. La. Mar. 28, 2018), reflects the type of evaluation required by Rule 19(b). In that case, the plaintiff asserted a derivative claim on behalf of a Louisiana LLC. The plaintiff was the only member of the company, and the district court noted that, at the time of the suit, the company had no

No. 20-30623

In this matter, the district court focused on the separateness of the Company under Louisiana's LLC law, but it did not engage in the practical and highly fact-based analysis our Rule 19(b) precedent requires in determining whether the Company would be prejudiced by its absence from this lawsuit. In response to the panel's questioning during oral argument, defense counsel confirmed that the Company is no longer operating, but that it still has a bank account and is receiving restitution payments as required by the judgment from the federal criminal proceeding against Jack.[21] Although counsel stated that the district court was informed about the status of the Company, the record does not indicate that the district court was aware of this information.

Because the status of the Company is highly relevant to the determination whether, in practical terms, the Company will suffer any prejudice as a result of its absence from this lawsuit, we vacate the district court's decision as to this factor and remand so that the district court may reevaluate this factor.

### (2)    Prejudice to Defendants

The first Rule 19(b) factor also requires consideration of the extent to which a judgment rendered in the Company's absence might prejudice Defendants. As Caytrans argues, in evaluating the potential prejudice to Defendants, the district court erroneously focused on the absence of the

---

assets or income and was "all but dead." *Id.* at *7. The court further noted that if the lawsuit was successful and damages recovered, those funds rightly belonged to the company because it was a derivative lawsuit. *Id.* Therefore, there was no prejudice to the company, and its joinder was not required. *Id.*

[21] The panel questioned counsel regarding the status of the Company after noting that Dan-Gulf's website indicated in May 2020 that the Company was "being dissolved."

other defendants named in the state-court litigation against Jack rather than on the Company's absence.

Although the pending state-court litigation is relevant to the third factor under Rule 19(b) (discussed below), it is not helpful in determining whether the absence of the Company in this action prejudices Defendants. The claims against the Defendants are that they breached their contractual obligations and fiduciary duties of accounting and monitoring and were grossly negligent. The Company's absence will not hinder Defendants from presenting a defense to these claims. They presumably could also assert third-party demands against the defendants named as joint tortfeasors in the state court suit. Under Rule 14(a)(1), Defendants may bring a claim against a "nonparty who is or may be liable to it for all or part of the claim against it."[22] With respect to the claims that Defendants engaged in self-dealing and unfair trade practices, the Company's absence will not prevent Defendants from asserting a defense.

In sum, contrary to the district court's determination, and as the record now stands, the first factor under Rule 19(b) does not appear to weigh in favor of a finding that the Company is an indispensable party. However, because the district court did not have the benefit of complete information regarding the status of the Company, we vacate its determination regarding this factor and remand.

## B.     The extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures

As discussed above, there appears to be no prejudice to the Company or Defendants if this action proceeds in the Company's absence. The district

---

[22] FED. R. CIV. P. 14(a)(1).

No. 20-30623

court determined that this factor was neutral. Caytrans states that the court in the pending state proceeding ordered the plaintiffs to arbitrate their claims against the company (Paychex) issuing salary checks to Jack. Caytrans further points out that if Paychex breached its contract with the Company, then it can be liable under New York law for the entire loss, without reduction for comparative fault. Caytrans submits that the district court could stay this matter pending the outcome of the arbitration, for instance. In the event that the arbitration results in plaintiffs' favor, Defendants in this lawsuit will benefit. In light of our remand of this matter, the district court will have the opportunity to explore whether a stay might be one of the "other measures" contemplated by Rule 19(b).

## C.    Whether a judgment rendered in the Company's absence would be adequate

The Supreme Court has interpreted the third Rule 19(b) factor to refer to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies."[23] As stated by the Court, the "adequacy of the judgment" factor centers on the "public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of relief obtainable against them."[24]

The district court determined that this factor weighed in favor of a finding that the Company was an indispensable party because a judgment rendered in its absence would be "inefficient, incomplete, and (potentially) inconsistent" with the judgment that might issue in the state court proceeding. The district court noted that the instant action and the state

---

[23] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968).

[24] *Id.*

court proceeding arise from the same theft and seek recovery for the same loss. Although the district court stated that the state court would have jurisdiction over all parties and all claims, the parties informed this Court on appeal that the claims against Paychex have been sent to arbitration. As with the second factor, and in light of our remand, the district court will have the opportunity to reevaluate this factor with respect to the claims involving Jack's embezzlement.

With respect to Caytrans's claims against Defendants for self-dealing and unfair trade practices, however, the third Rule 19(b) factor does not weigh in favor of finding the Company indispensable. As Caytrans points out, those claims do not overlap with any of the claims pending in state court. Therefore, there are no inefficiency concerns with respect to those claims.

### D.     Whether Caytrans would have an adequate remedy if the action were dismissed for nonjoinder

The final Rule 19(b) factor instructs the district court to consider whether, if the action is dismissed for nonjoinder of an indispensable party, the plaintiff will be able to obtain an adequate remedy in an alternate forum.[25] The district court should consider whether any applicable limitations period has expired since the institution of the plaintiff's action.[26]

In its ruling, the district court noted that no party had "suggested" that Caytrans's claims against Defendants would be prescribed if the instant action were dismissed. Caytrans subsequently refiled its claims in state court. However, Caytrans states in its reply brief that after it refiled its claims in state court, BBC Chartering USA raised prescription and peremption exceptions/defenses in its answer. In light of these developments, we also

---

[25] *Whalen v. Carter*, 954 F.2d 1087, 1097 (5th Cir. 1992).

[26] *Id.*

No. 20-30623

vacate the district court's decision on this factor and remand for reevaluation.

Based on the foregoing, the district court's judgment is VACATED, and this matter is REMANDED for further proceedings consistent with this opinion.