# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

No. 20-30381
Summary Calendar

Lyle W. Cayce
Clerk

SHEDRICK J. BRUMFIELD,

*Plaintiff—Appellee*,

*versus*

JERRY GOODWIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1197

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

A jury found that Jerry Goodwin, warden of the David Wade Correctional Center, violated Shedrick J. Brumfield's constitutional rights and awarded Brumfield $500 in punitive damages on his Eighth Amendment claim brought under 42 U.S.C. § 1983. The district court found that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Goodwin was liable for $750 in attorney's fees based on the amount of punitive damages awarded to Brumfield, deducted $125 from the punitive damages award, and entered judgment accordingly. Goodwin appeals. He argues that the jury could not award punitive damages because it did not find that Brumfield suffered an injury and failed to award compensatory or nominal damages. He challenges the award of attorney's fees only insofar as it was based on the jury's finding that he was liable for punitive damages.

Goodwin fails to cite to any action that he took to preserve his right to challenge the punitive damages award on appeal, such as including it in his motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and (b) or in a motion for a new trial under Federal Rule of Civil Procedure 59(a). *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 412 (5th Cir. 2020). Accordingly, this court may not direct the district court to enter a judgment that is inconsistent with the jury's verdict. *See id.*

Goodwin's brief could be construed as asserting that the jury rendered an inconsistent verdict, but it does not set forth and apply the correct law. *See Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 513-22 (5th Cir. 2020); *Moss v. Princip*, 913 F.3d 508, 521-22 (5th Cir. 2019). Further, the verdict was consistent with the district court's instruction that the jury "[could] still award [Brumfield] nominal and/or punitive damages," even if it did not award him compensatory damages. However, Goodwin did not object to the instruction in the district court and makes no attempt to demonstrate that he is entitled to relief on plain error review. In any event, his counseled brief is not entitled to liberal construction, and this court does not search the record or craft issues for the parties. *See United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); *see also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579-82 (2020).

No. 20-30381

Because Goodwin fails to inform this court of how and to what to extent that he preserved his challenge to the punitive damages award and offer any discernible argument that would establish his entitlement to the relief he seeks--reversal and remand with instructions to enter judgment in his favor--under the proper standard of review, he has waived this court's review of the jury's award of punitive damages and the attorney's fees that the district court awarded based on the jury's verdict. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397-98 & n.1 (5th Cir. 2021); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010). Accordingly, the judgment of the district court is AFFIRMED.